15698

UTLEY *ET AL.* v. S. W. WILSON & SONS, INC., *ET AL.*

(32 S. E. (2d), 654)

470

*Mr. Henry H. Edens,* of Columbia, S. C., and *Mr. Alva DePass,* of Savannah, Ga., Counsel for Appellant,

*Mr. C. T. Graydon, Mr. F. Ehrlich Thomson,* and *Messrs. Cooper & Cooper,* all of Columbia, S. C., Counsel for Respondents,

Counsel for Appellant,

December 30, 1944.

MR. ASSOCIATE JUSTICE STUKES delivered the unanimous Opinion of the Court:

This proceeding in the Court of Common Pleas for Richland County embraces a receivership of the property of S. W. Wilson & Sons, Inc., a corporation. In its progress appellant filed claim which was in part for the exercise of the asserted right to purchase all of the assets pursuant to an alleged option contract which he had from the corporation in connection with his employment as manager. Within a few months after he entered upon the performance of his managerial duties he was called into the military service where he now is.

A receiver was appointed and authorized to operate the business; he qualified and soon received an offer for the sale of the physical assets of the concern, the acceptance.of which he recommended to the Court. The matter of appellant's claim of right to purchase under his contract was referred to the Master who took testimony upon which he upheld the claim and recommended judgment to accomplish it. On exceptions, the Court held that appellant's supposed option to purchase was unenforceable in equity for lack of the inclusion in the contract of a definite price and that the failure of the corporation to name a valuer in accord with its terms, rendered the contract incapable of enforcement by the Court. Many interesting authorities from other jurisdictions were cited upon the question which seems to be without precedent in this State.

Upon such conclusion the Court on March 17, 1944, ordered the sale and delivery of the assets by the receiver to the other proposed purchaser, which sale has been executed.

The following is quoted from the agreed transcript of record for this appeal: "Within due time the respondent (the present appellant), F. H. Besselieu, duly served notice

of intention to appeal to the Supreme Court and for a super-
sedeas order, which notices were dated March 17, 1944, and
the notice for supersedeas was withdrawn upon the issuing
and filing of the order of the Honorable G. Duncan Bel-
linger, Circuit Judge, dated March 23, 1944."

The order of the Court of March 23rd, referred to in the
foregoing excerpt from the appeal record, after reciting the
proceedings, proceeded as follows:

"There was an offer of $15,000.00 made for the property,
and the Court took testimony and determined that such
offer was a reasonable and fair offer and that the property
should be sold for that amount. The Court passed an Or-
der directing the sale of the property and from that Order
F. H. Besselieu has appealed, which appeal is now pending.

"The $15,000.00 should not be disbursed until all mat-
ters in connection with the rights of anyone are determined
finally by the Courts. Any party to the action has a right
to appeal and to take such steps as may be necessary to
fully protect his rights, and by the passage of this Order
it is not intended to in any wise prejudice the rights of
any such person.

"Now, therefore, on motion of C. T. Graydon, Esq., and
F. Ehrlich Thomson, Esq., attorneys for the Receiver.

"It is ordered:

"(1) That Jesse Wallace, Receiver, be and he is hereby
directed to make a deed to the property commonly known
as the sand pit and the machinery, tracts and appurtenances
thereto to Gaines Harrison at and for a price of Fifteen
Thousand ($15,000.00) Dollars in cash, subject however
to certain adjustments in connection with lands owned by
individuals and not by the Corporation.

"(2) That the said amount, to wit, Fifteen Thousand
($15,000.00) Dollars be held by the Receiver in a separate
fund until all rights of any parties to this action are finally
determined by the Courts.

"(3) That upon the execution and delivery of the deed and the payment of the purchase price, the Receiver is hereby authorized and directed to turn over to Gaines Harrison the. said property commonly known as the sand pit and all property heretofore ordered to be sold by this Court."

There was no appeal from the latter order, which was in confirmation of the sale of the assets.

The questions raised by appellant's exceptions are stated by him to be, in effect, whether his option contract was unenforceable by reason of the failure of the option-seller to appoint an arbitrator (valuer), and whether in the face of the existence of his option-contract the Court should have ordered the sale of the property to another.

The receiver, respondent in the appeal, takes the sound position that the questions which appellant attempts to present are moot because the property has passed into the hands of another purchaser under a sale ordered by the Court (which was confirmed without appeal) with the result that appellant's alleged option to purchase, whether ever valid and enforceable or not, is now impossible of performance by respondent.

There is no doubt of the propriety of the procedure whereby a private sale of the property by the receiver was ordered by the Court. *Hannon v. Mechanics etc., Ass'n et al.,* 177 S. C., 153, 180 S. E., 873, 100 A. L. R., 928, 45 Am. Jur., 306, 307. And the last order, that quoted above, was in confirmation of the sale. From it there was no appeal. It is, therefore, the law of the case. Appeal was necessary to stay its effect, in any event. *LeConte v. Irwin,* 23 S. C., 106 (in which there was an appeal from an order confirming, but it was affirmed).

By the latter the sale was completed and confirmed and, without appeal therefrom, the question formerly made by appellant, relating to his alleged option to purchase the as-

sets in receivership, became academic. The effect of the un-appealed order was plainly to substitute the proceeds of the sale for the assets, and impound them.

It should be said in explanation of the confusion apparent in the case, and in justice to appellant's present able counsel, that it appears that he is the third successive attorney to represent his client in the controversy, and he did not come into it until after the transcript for the present appeal was prepared.

The sale, which has been completed, stands confirmed, and the appeal is dismissed, without prejudice to appellant to proceed in this action with his claims against the corporation, other than that for specific performance of his alleged contract of purchase, and the case is remanded to the Court of Common Pleas for further proper proceedings.

Affirmed and remanded.

MR. CHIEF JUSTICE BAKER and MESSRS. ASSOCIATE JUSTICES FISHBURNE, TAYLOR and OXNER concur.